UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AUGUSTIN P. HERNANDEZ, | ) | 1:07-cv-01730-OWW-TAG HC |
| Petitioner, | ) ) ) | ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR VIOLATION OF THE ONE-YEAR STATUTE OF LIMITATIONS (Doc. 1) |
| v. | ) ) ) | |
| D. K. SISTO, | ) ) | ORDER DIRECTING THAT PETITIONER FILE A RESPONSE WITHIN THIRTY DAYS |
| Respondent. | ) ) | |

PROCEDURAL HISTORY

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The instant federal petition for writ of habeas corpus was filed on November 27, 2007.  A preliminary review of the Petition, however, reveals that the petition may be untimely and should therefore be dismissed.

DISCUSSION

A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

1

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.

    B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 325-327, 117 S.Ct. 2059 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), overruled on other grounds by Lindh v. Murphy, 521 U.S. 320 (holding that the AEDPA only applicable to cases filed after statute's enactment).   The instant petition was filed on  November 27,  2007, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  In this case, the petition for review was denied by the California Supreme

Court on September 6, 2000. Thus, direct review would conclude on December 5, 2000, when the ninety-day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887, 103 S. Ct. 3383 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would have one year from that date, or until September 6, 2001, absent applicable tolling, within which to file his federal petition for writ of habeas corpus.

As mentioned, the instant petition was filed on November 27, 2007, over six years *after* the one-year limitations period expired. Thus, unless Petitioner is entitled to statutory or equitable tolling, the petition is untimely and must be dismissed.

C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[1] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); see also Taylor v. Lee, 186 F.3d 557, 560-561 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court. Id. at 1005. However, the limitations period is not tolled for the time such an application is pending in federal court. Duncan v. Walker, 533 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); Fail v. Hubbard, 272 F.3d 1133, 1134 (9th Cir.2001).

///

---

[1] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See Nino 183 F.3d at 1006, n. 2. Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See id.

1    Here, Petitioner alleges that he filed state habeas petitions in the Stanislaus County Superior
2 Court and in the California Court of Appeal. (Doc. 1, p. 3). However, Petitioner has not indicated
3 the dates on which those petitions were filed or on which they were denied. Thus, no determination
4 can be made regarding whether statutory tolling is justified.
5    A petitioner is not entitled to tolling where the limitations period has already run prior to
6 filing a state habeas petition. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); see Webster v.
7 Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Jackson v. Dormire, 180 F.3d 919, 920 ( 8th
8 Cir. 1999)(petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the
9 one-year limitations period). Thus, in order for Petitioner to avail himself of statutory tolling, the
10 first state petition must have been filed *before* December 6, 2001, there must not be any significant
11 time lapses between state court filings, and the aggregate time those state petitions were pending
12 must offset the approximately six years the instant petition was late in order for there to be sufficient
13 statutory tolling to make the instant petition timely.
14    Although such an eventuality seems extraordinarily unlikely, the Court will nevertheless
15 permit Petitioner to file a response to this Order to Show Cause in which he may attempt to establish
16 that he is entitled to sufficient statutory tolling to make the instant petition timely.
17        D.  Equitable Tolling
18    The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a
19 prisoner's control" have made it impossible for the petition to be filed on time. Roy v. Lampert, 465
20 F.3d 964, 969 (9th Cir. 2006) (citing Calderon v. U.S. Distr. Ct. (Beeler), 128 F.3d 1283 (9th Cir.
21 1997)). "When external forces, rather than a petitioner's lack of diligence, account for the failure to
22 file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v.
23 Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)(citations omitted). A habeas petitioner bears the burden
24 of proving that equitable tolling should apply to avoid dismissal of an untimely petition. Miranda v.
25 Castro, 292 F. 3d 1063, 1065 (9th Cir. 2002). .
26    Petitioner has not alleged entitlement to equitable tolling and, based on the present record,
27 the Court perceives no basis on which such an allegation can be made.
28 ///

      If Petitioner has additional information that he has not supplied to the Court that he believes would entitle him to further statutory tolling, he may include that information in his response to this Order to Show Cause. If Petitioner is submitting additional information regarding his entitlement to statutory tolling, he should include the dates of filing and dates of decision, and the name of the courts, for any state habeas he has filed in connection with his 1998 conviction in Stanislaus County. If possible, Petitioner should also include photocopies of any decisions by those courts.

ORDER TO SHOW CAUSE

      Accordingly, the Court HEREBY ORDERS:

1. Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the Petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d).

      Petitioner is forewarned that his failure to comply with this order may result in Findings and Recommendations recommending that the Petition be dismissed.

IT IS SO ORDERED.

Dated: **January 23, 2008**                                            /s/ Theresa A. Goldner
                                                                                         UNITED STATES MAGISTRATE JUDGE