UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AUGUSTIN P. HERNANDEZ, | ) | 1:07-cv-01730-OWW-TAG HC |
| Petitioner, | ) ) | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF |
| v. | ) ) | HABEAS CORPUS (Doc. 1) |
| D. K. SISTO, | ) ) | ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS |
| Respondent. | ) ) | |

PROCEDURAL HISTORY

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on November 27, 2007. (Doc. 1). A preliminary review of the petition indicated that the petition was untimely and should therefore be dismissed. Accordingly, on January 24, 2008, the Court issued an order to show cause why the petition should not be dismissed as untimely. (Doc. 5). On March 31, 2008, Petitioner filed a response to the order to show cause. (Doc. 8). After reviewing the response, the Court finds the response insufficient to allay the Court's concerns about the timeliness of the petition and, accordingly, recommends dismissal.

DISCUSSION

A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. The Ninth Circuit, in <u>Herbst v. Cook</u>, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. <u>Herbst v. Cook</u>, 260 F.3d 1039, 1041-1042 (9th Cir. 2001).

      B. <u>Limitation Period for Filing a Petition for Writ of Habeas Corpus</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 326, 117 S.Ct. 2059 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997), <u>overruled on other grounds by</u> <u>Lindh v. Murphy</u>, 521 U.S. 320. The instant petition was filed on November 27, 2007, and thus is subject to the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. In this case, Petitioner's petition for review was denied by the California Supreme Court on September 6, 2000.[1] Thus, direct review would conclude on December 7, 2000, when the ninety-day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887, 103 S. Ct. 3383 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would have one year from December 7, 2000,[2] absent applicable tolling, in which to file his federal petition for writ of habeas corpus.

As mentioned, the instant petition was not filed until November 27, 2007, over six years *after* the statute of limitations had expired. Thus, unless Petitioner is entitled to some form of tolling for that period of time, the petition is untimely and must be dismissed.

C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[3] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); see also Taylor v. Lee, 186 F.3d 557, 560-561 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The Court reasoned that tolling the limitation period during the time a petitioner is preparing his petition to file

---

[1] The California Courts' electronic database indicates that the petition for review was docketed as denied on September 6, 2000, but the docket entry also contains a note that the petition denial date was August 30, 2000. In light of the conflicting dates, the Court will give Petitioner the benefit of the doubt by calculating the AEDPA one-year period from the later date.

[2] In computing the running of the statute of limitations, the day an order or judgment becomes final is excluded and time begins to run on the day after the judgment becomes final. See Patterson v. Stewart, 251 F. 3d 1243, 1247 (9th Cir. 2001)(citing Rule 6 of the Federal Rules of Civil Procedure).

[3] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See id.

3

at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court. Nino, 183 F. 3d at 1005. However, the limitation period is not tolled for the time such an application is pending in federal court. Duncan v. Walker, 533 U.S. 167, 181-182, 121 S.Ct. 2120 (2001).

This statutory tolling will apply if a state petition has been "properly filed." Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000)(holding that a properly filed state application complies with the applicable laws and rules governing filings, including the form of the application and time limitations). A state habeas petition is "pending" during a full round of review in the state courts, a period that includes the time between a lower court decision and filing a new petition in a higher court as long as those intervals are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-224, 122 S. Ct. 2134 (2002).

In Delhomme v. Ramirez, 340 F.3d 817, 820 (9th Cir. 2003), the Ninth Circuit held that a petitioner begins a separate round of review "each time [he] files a new habeas petition at the same or a lower level" of the state court system. See also Nino, 183 F.3d at 1006-1007 (intervals tolled between state court's disposition of a state habeas petition and the filing of "a petition at the next state appellate level."). There is no tolling for the period between sets or "rounds" of state habeas petitions. Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003)(no tolling once California Supreme Court denied review). Nor is a petitioner entitled to continuous tolling when the later petition raises unrelated claims. Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006). However, if the California Supreme Court denies a petition for failure to allege with sufficient particularity facts warranting habeas relief and allows amendment to comply, petitioner will be entitled to tolling for the period between denial and commencement of next series of petitions if the subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition and the second petition is not denied as untimely. King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003).

The limitation period is not tolled for the period between finality of the appeal and the filing of an application for post-conviction or other collateral review in state court since no state court application is "pending." Nino, 183 F.3d at 1006-1007.   Nor is there tolling between finality and

the filing of a federal petition. Id. at 1007. And, as mentioned previously, the one-year period is not tolled during the pendency of a federal petition. Duncan, 533 U.S. at 181-182.

Here, Petitioner alleges that he filed various state habeas petitions in the California Court of Appeal and the California Supreme Court. The Court takes judicial notice of the following court filings and dispositions reflected in the California Courts' electronic database, indicating that Petitioner has filed the following habeas petitions in the state appellate courts: (1) filed September 20, 2002 in the California Supreme Court and denied on February 11, 2003; (2) filed December 15, 2005 in the California Court of Appeal, Fifth Appellate District ("5th DCA") and granted February 24, 2006, with instructions for issuance of an amended abstract of judgment; (3) filed in the 5th DCA on January 26, 2007 and denied on February 9, 2007; and (4) filed April 19, 2007 in the California Supreme Court and denied on September 12, 2007.[4] Petitioner's response to the Court's order to show cause attaches exhibits indicating that Petitioner also filed the following habeas petitions in the state trial court: (1) filed January 12, 2005 in the Stanislaus County Superior Court and granted January 26, 2005 with an order to amend the abstract of judgment; and (2) filed December 15, 2006 in the Stanislaus County Superior Court with no date for a decision. (Doc. 8, pp.7, 9-16).

However, none of Petitioner's state habeas petitions entitled him to statutory tolling. A petitioner is not entitled to tolling where the limitations period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 822 (9th Cir. 2003)("section 2244(d) does not permit the re-initiation of the limitations period that has ended before the state petition was filed."); Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner failed to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitation period). Here, as mentioned, the limitation period expired on December 7, 2001, but Petitioner did not file his

---

[4]The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N. D. Cal.1978), aff'd, 645 F.2d 699 (9th Cir. 1981); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court, is subject to judicial notice.

first state habeas petition until September 20, 2002, almost nine months after the limitation period had expired. Accordingly, Petitioner cannot avail himself of the statutory tolling provisions of the AEDPA. Subsequent petitions would not be entitled to tolling either, since the one-year limitation period had long expired.

### D. Equitable Tolling

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998)(citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1997)); Calderon v United States Distr. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F. 3d 530 (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Id.; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Here, Petitioner contends he is entitled to equitable tolling, but states no reasons why he is entitled to such relief. Presumably, Petitioner believes he has acted diligently by filing numerous state habeas petitions. Although Petitioner maintains that he was regularly pursuing state court remedies between September 21, 1998 and January 26, 2005, the window for properly filing a federal petition under the AEDPA is short, and Petitioner's time period for filing had long since ended before he began his series of state court filings. Nothing in the record suggests that these circumstances were beyond the control of Petitioner, and, hence, they do not entitle him to equitable tolling. Since Petitioner is entitled to neither statutory nor equitable tolling, the petition is untimely and must be dismissed.

### RECOMMENDATIONS

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 8, 2008**                                                          **/s/ Theresa A. Goldner**
                                                                                    UNITED STATES MAGISTRATE JUDGE